FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYLE JAMES EDSALL,<br><br>Defendant. | No. 1:24-CR-02080-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 38, 39** |

Before the Court are Defendant's Motion to Modify Conditions of Release (ECF Nos. 38, 40) and related Motion to Expedite (ECF No. 39). Defendant was represented by Assistant Federal Defender Jennifer Barnes.

Defendant requests that the Court (1) modify Special Condition No. 7 to impose home detention instead of home incarceration, and (2) impose a condition permitting Defendant to go to the gym with prior approval of his probation officer. ECF Nos. 38, 40. The United States Attorney's Office and the United States Probation/Pretrial Services Office have no objection to Defendant's request. *Id.*

The United States' position is confusing. On December 11, 2024, the Court held a hearing on Defendant's Motion to Reopen Detention (ECF No. 19) and denied the Motion, reasoning that the Court needed more information regarding Defendant's mental health and the potentially dangerous dogs at his proposed

ORDER - 1

release address which could prevent United States Probation/Pretrial Services from supervising Defendant.  ECF No. 25.  Then, on December 18, 2024, the Court held a hearing on Defendant's Renewed Motion to Reopen Detention (ECF No. 29), and the Court granted the Motion because Defendant addressed the Court's concerns described above.  ECF No. 31.  At both hearings, the United States opposed Defendant's release.  The United States opposed Defendant's release because they asserted that he was both a flight risk and a risk of danger to the community due to the serious nature of the offense.  Now, just a mere seven weeks after the Court released Defendant from custody over the United States' objection, the United States does not oppose the Court lowering Defendant's restrictions from home incarceration to home detention.  These are not consistent positions.[1]

When this Court released Defendant from custody seven weeks ago on December 19, 2024, the Court imposed strict home incarceration because Defendant is alleged to have committed very serious conduct:  killing someone by stabbing him with a knife.  Due to the seriousness of the offense, the Court indicated that Defendant would remain on strict home incarceration unless and until he procured employment approved by the United States Probation/Pretrial

---

[1] In the future, if the United States wishes to accede to such a motion, it must file a formal withdrawal of its original motion for detention and explain the basis therefore.

ORDER - 2

Services Office. The Court instructed Defendant to ask the Court to review his condition of home incarceration after he secures employment. ECF No. 32. While Defendant indicates that modification to home detention will soon be necessary because he is actively seeking employment, Defendant does not currently have a job. ECF No. 40. Thus, Defendant's current request is that the Court lower his restrictions from home incarceration to home detention so that he can "attend church services and other necessary activities, to include going to the gym." ECF No. 40. However, given the very serious nature of the offense and the extremely short period of time that Defendant has been on pretrial release, the Court declines to grant Defendant's request. Defendant may renew his request should he procure employment or successfully abide by his release conditions for at least one year.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 39**) is **GRANTED**.

2. Defendant's Motion to Modify Conditions of Release (**ECF Nos. 38, 40**) is **DENIED**.

**IT IS SO ORDERED.**

DATED February 6, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3